# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00467-RGK-SK | Date | March 6, 2020 |
|---|---|---|---|
| Title | *Ahmad B. Ghayaisi v. Subaru of America, Inc., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Remand to State Court

On December 5, 2019, Ahmad Ghayasi ("Plaintiff") filed a Complaint against Subaru of America, Inc. ("Defendant"), alleging violations of the Song-Beverly Warranty Act.

On January 16, 2020, Defendant removed the action to federal court asserting jurisdiction on the basis of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff seeks compensatory damages, restitution, and statutory remedies, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendant states that, even without considering attorneys' fees, Plaintiff seeks total damages of at least $81,372.63.

The Court disagrees. Defendant's conclusory statement does not satisfy its burden of showing by a preponderance of the evidence that the amount in controversy has been met. Defendant's Notice of Removal states that "according to the lease agreement, the total payments and final acquisition amount for the subject vehicle are $27,124.21 which is the sum amount of damages the plaintiff alleges for

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00467-RGK-SK | Date | March 6, 2020 |
|---|---|---|---|

| Title | *Ahmad B. Ghayaisi v. Subaru of America, Inc., et al* |
|---|---|

vehicle payments." (Def.'s Notice of Removal 4:9-11, ECF No. 4.) However, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) ("Limiting . . . recovery to payments actually made is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole.")

  Here, Plaintiff leased the vehicle on July 7, 2018 for a $1,000.00 down payment and thirty-five monthly payments of $245.33. (Lease Agreement, Ruggerello Decl. Ex. B, ECF No. 1-3.) Defendant presents no facts regarding how many payments were actually made on the installment contract, but even assuming that Plaintiff continued to make payments until the date he filed his complaint, the amount recoverable after approximately 18 months would be under $6,000, drastically less than the full value of the vehicle.

  Furthermore, under the Song-Beverly Warranty Act, a plaintiff's recovery is reduced by an amount corresponding to the plaintiff's use of the vehicle prior to the first repair. *See Tokmakova v. Volkswagen Group of America, Inc.*, 2012 WL 12952629, at * 2–3. Here, there is there no indication as to how many miles Plaintiff drove the car prior to that point. Without such facts, the Court is left with considerable doubt as to the amount in controversy. *Accord Tokmakova*, 2012 WL 12952629, at *3.

  As Defendant points out, Plaintiff may be entitled to attorneys' fees if the action succeeds. However, Plaintiff provides no estimate of what those attorneys fees may be. Finally, Defendant notes that Plaintiff seeks a civil penalty. Plaintiff's prayer for relief requests "a civil penalty in the amount of two times Plaintiff's actual damages." (Compl. at 7, ECF No. 1-2.) As explained above, however, in light of the fact that Defendant has failed to demonstrate that Plaintiff's actual damages potentially approach anything near $25,000, Defendant cannot meet the amount in controversy requirement even if the Court assumes that Plaintiff will receive the full penalty requested.

  Accordingly, the Court is not satisfied that Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy reaches the jurisdictional threshold.

  In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

  **IT IS SO ORDERED.**

                                         : 

                                       Initials of Preparer